**Amended Complaint**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Samuel Jamal Dunston, II
Plaintiff.

v.

Metropolitan Police
Un-named Officer,
Metropolitan Police Department,
United States Capitol Police
Officer Brandon Cade,
United States Capitol Police Department,
US Capitol Police Subcontractor
A.N.A. INC. T/A ANA TOWING
(MR. TOW U.S.A.),
US Capitol Police Subcontractor
Robert "Bobby" J Reed,
US Capitol Police Subcontractor
"Junior"
Defendants.

Civil Action No. 1:25-cv-04078-SLS

**Complainant**

1.Samuel Jamal Dunston II
363 Chaplin Street Southeast
District of Columbia, DC 20019
(202) 718-8557
samuel.j.dunston.ii@gmail.com

**Defendants**

1. District of Columbia Metropolitan Police Department Un-named Officer

101 M Street, SW, Washington, DC 20024
Phone: (202) 698-0555
Or
300 Indiana Avenue, NW, Washington, DC 20001
mpd@dc.gov

2. District of Columbia Metropolitan Police Department First District

Service address:
101 M Street, SW, Washington, DC 20024
Phone: (202) 698-0555
Or
300 Indiana Avenue, NW, Washington, DC 20001
mpd@dc.gov

3. United States Capitol Police Officer Brandon Cade Element: H03; Badge Number: 7823

Department: USCP United States Capitol Police
499 South Capitol Street SW, suite 820, Washington, DC 20003
(202) 593-3619
USCapitolPolice@usco.gov

**Amended Complaint**

4. United States Capitol Police
499 South Capitol Street SW, suite 820, Washington, DC 20003
(202) 593-3619
USCapitolPolice@usco.gov
5. A.N.A. INC. T/A ANA TOWING (MR. TOW U.S.A.)
1913 Bladensburg Road Northeast
Washington, DC 20002
(202) 554-8833
6. Robert “Bobby” J. Reed manager at A.N.A. Towing
A.N.A. Towing INC. T/A ANA TOWING (Mr. TOW U.S.A)
Residence Address: 1536 MANOR VIEW RD, DAVIDSONVILLE MD 21035
Cellular telephone number at (240) 417-8063
(301) 736-7703
7. “Junior” employee at A.N.A. Towing (Last name was not provided)
A.N.A. INC. T/A ANA TOWING (MR. TOW U.S.A.)
1913 Bladensburg Road Northeast
Washington, DC 20002
(202) 554-8833

**Civil Action No.** 1:25-cv-04078-SLS
**Judge:** Judge Sparkle L. Sooknanan

**Complaint**

**Subject Matter Jurisdiction** Subject matter jurisdiction for Federal Questions under Civil Action for Deprivation of Constitutional Rights Under Color of Law Title 42 U.S.C. § 1983, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971).

**The Authorities**

1) Senate Document 116-3 The Constitution of the United States of America
   a) Amendment IV
   b) Amendment V
   c) Amendment VIII
   d) Amendment XIV
2) 18 U.S.C. RICO ACT (18 U.S.C. §§ 1961-1968)
3) Omnibus Crime Control and Safe Streets Act of 1968 34 U.S.C. § 10228(c), (34 U.S.C. § 10228)
4) Civil action for deprivation of rights 42 U.S.C. § 1983
5) Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971)
6) Title VI of the Civil Rights Act of 1964
7) 575 U.S. 348 (2015), In Rodriguez v. United States, 575 U.S. 348, 350 (2015)
8) District of Columbia Code § 2–1402.11 et seq. (Human Rights Act of 1977)
9) District of Columbia Code Title 2, Chapter 14, Under § 2-1461.02

**Amended Complaint**

10) Bias-Related Crime Act of 1989 (D.C. Official Code § 22-3700 et seq.)
11) DC Code § 22-3701
12) DC Municipal Regulations, Title 16
13) Metropolitan Police Code of Conduct General Order GO-PER-201.26 Effective June 12, 2024
14) District of Columbia Owner's Bill of Rights for Towed Vehicles
15) DCMR 405 TOWING SERVICE STORAGE LOT REQUIREMENTS

**Venue** This court has subject matter jurisdiction for federal questions. This court may appoint an attorney for the plaintiff in such complaint and may authorize the commencement of the civil action with out the payment of fees, costs, or security.

**Parties** The plaintiff is a United States Citizen, entitled to protection under the United States Constitution and laws with privity as a direct beneficiary (Exhibit A).

The defendants in this case include District of Columbia Metropolitan Police Department Un-named Officer, District of Columbia Metropolitan Police Department First District, United States Capitol Police Officer Brandon Cade Element: H03; Badge Number: 7823, United States Capitol Police, A.N.A. INC. T/A ANA TOWING (MR. TOW U.S.A.), Robert "Bobby" J. Reed manager, and employee "Junior."

**Statement of Facts and Claims**

1. My rights were violated when, on November 26, 2024, one US Capitol Police and one District of Columbia Metropolitan Police Officers pulled me over without cause, mistreated and discriminated against me, illegally searched my vehicle and deprived me of my personal property, cited me, and then had my vehicle towed. I was charged fees more expensive than allowable by DC law. I was not given information to locate my vehicle. Despite my efforts, my vehicle has not yet been returned to me. I demand injunctive relief and damages. The suit is claiming nine claims 1) the signatory officer acting under state law can be held responsible for depravation of rights by a federal official, 2) negligence, 3) profiling and discrimination, 4) civil theft and conversion, 5) false imprisonment, 6) cruel and unusual punishment, 7) Robbery, 8) depravation of rights by a federal subcontractor, and 9) conspiracy against rights using a pattern of business and fee racketeering by a state official and federal subcontractor.
2. An illegal traffic stop occurred at 8:42 P.M. on Tuesday November 26, 2024. The traffic stop was prolonged using coercive interrogation for more than twenty minutes. During the delay, a comment was said that my occupation "[Agriculture] is not what we want."
3. Hand gestures and disrespectful comments about me were made, and the Un-named Metropolitan Police Officer made a comment about my documents being written "half in [the] Spanish [language]," when the documents were written in the English language. Hate speech and biased comments were said about my speech having accents. I asked the officers, "Why are you doing this?" Hand gestures were made and an offensive comment was said by Officer Cade that, "[Written and spoken accents were] why they were stopping me, [and] that's why they were doing this, because [I] have accents."
4. After receiving my official information, I was discriminated against by incorrect information being written on the notice of infraction in race and gender/sex, even though my identification card has the correct information (Exhibit B). My driver's license has an "X," because I have a non-binary sex identification and a blank space for race, because, I have a multiple race identity that does not apply

to the options available. In Exhibit C, Visual profiling was used and discrimination occurred based upon opinion while looking at me and simultaneously writing "BLK" and saying "Black" as race, and writing "M" and saying "male" as sex while completing the notice of infraction.

5. Borax laundry detergent next to my laundry in conjunction with my occupation was used a reason to ask me to exit my vehicle and begin a search. The Officer Cade stated that, "[The Officer was] going to search [my] vehicle." I shook my head side-to-side indicating 'no,' but the officers searched my vehicle with out a warrant, with out criminal activity, and with out consent. During the search, Officer Cade said that "[Officer Cade] couldn't find any thing in there, even if [Officer Cade] wanted to."
6. I was not provided with a copy of District of Columbia Owner's Bill of Rights for Towed Vehicles nor a signed, itemized estimate of services the company will provide; their costs; or the operator's full name and address. My vehicle was towed that costs $29,325.37, with-out consent or telling me the location to where they were towing it.

**Claims for statements 1 through 6**

a. Claim 1. The signatory officer can be held responsible for depravation of rights by a federal official, because they occurred while in the course of legal duties but out-side of legal capacity and limitations of duties.
    i. The company, contractor, subcontractor, and/or employer can be held responsible for depravation of rights through respondeat superior vicarious liability. (Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
b. Claim 2. Negligence occurred while depriving me of rights protected by the United States Constitution. Negligent actions deprived me of the right to my property, caused me loss of property, and caused me financial loss in purchasing a new vehicle. (Amendment IV; Amendment XIV; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
    i. United States Police officers must have a valid legal reason for performing a traffic stop according to the Traffic Regulations
    For The United States Capitol Grounds promulgated by The Capitol Police Board, Members of the United States Capitol Police are authorized to issue a notice of parking violation and may authorize the removal of a vehicle from any public way to a city vehicle pound or authorized garage or any other legal parking space in the public way under the following circumstances: Incapacitated Driver, Obstruction, Parking Violations, Abandoned Vehicles, Excess of Meter, Tow Zone, Incident to Arrest. None of these circumstances occurred.
    ii. Metropolitan Police officers must have a valid legal reason for performing a traffic stop. I am not involved with nor a suspect in any crime.
    iii. A traffic stop occurred, and when asked the reason for the stop, I was not provided a legal reason, and I was detained to be interrogated with out probable cause. The traffic stop was illegal and caused me loss of property.

a. Officer Brandon Cade participated in a vehicle pursuit that violated The US Capitol Police Department's Vehicle Pursuit policy. (Office Of Professional Responsibility Cy2023 Annual Vehicle And Foot Pursuit Report)

iv. The information found during the illegal traffic stop is not relevant to subsequent occurrences.

v. Police misconduct occurred in manner of speech and gestures that violate the District of Columbia Metropolitan Police Department's Code of Conduct and United States Capitol Police Standard Operating Procedures, Vision, and Values when using a demeaning tone, speech, and gestures in the performance of police duties, which were coarse, sarcastic, and insolent language that included gestures, which I interpreted as derogatory, disrespectful, and offensive to the dignity of my personage. (Amendment VIII; Amendment XIV; Metropolitan Police Code of Conduct General Order GO-PER-201.26 Effective June 12, 2024; Civil action for deprivation of rights 42 U.S.C. § 1983)

vi. Dereliction of duty occurred in engaging in a vehicle pursuit, not issuing a warrant, and then beginning a non-consensual search of my vehicle with out having probable cause for the search. (Amendment IV; Amendment VIII; Amendment XIV; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

c. Claim 3. Police Profiling occurred based upon occupation, race, and sex. Discrimination occurred based upon using perceptions about occupation, race, and sex with out asking clarification about the information. (Amendment VII; Amendment XIV; Omnibus Crime Control and Safe Streets Act of 1968 34 U.S.C. § 10228(c), (34 U.S.C. § 10228); District of Columbia Code § 2–1402.11 et seq. (Human Rights Act of 1977); Metropolitan Police Code of Conduct General Order GO-PER-201.26 Effective June 12, 2024; Title VI of the Civil Rights Act of 1964; District of Columbia Code § 2–1402.11 et seq. (Human Rights Act of 1977); Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

i. Metropolitan Police Officers have a duty to complete notice of infractions accurately rather than using personal opinion based on perceived occupation, race, and sex. By allowing the incorrect completion of the notice of infraction contrary to my District of Columbia Driver's license or asking for clarification, willful discrimination and dereliction of duty occurred in a place of public accommodation in perceived occupation, race, and sex profiling. (Amendment XIV; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971); Omnibus Crime Control and Safe Streets Act of 1968 34 U.S.C. § 10228(c), (34 U.S.C. § 10228); Title VI of the Civil Rights Act of 1964; District of Columbia Code § 2–1402.11 et seq. (Human Rights Act of 1977))

**Amended Complaint**

ii. Discrimination occurred as a derogatory comment about my occupation in a place of public accommodation. Unlawful entry into my vehicle occurred based upon my occupation with out probable cause. (Amendment IV; Amendment VIII; Amendment XIV; Omnibus Crime Control and Safe Streets Act of 1968 34 U.S.C. § 10228(c), (34 U.S.C. § 10228); Title VI of the Civil Rights Act of 1964; District of Columbia Code § 2–1402.11 et seq. (Human Rights Act of 1977); Metropolitan Police Code of Conduct General Order GO-PER-201.26 Effective June 12, 2024; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

d. Claim 4. A traffic stop was used to commit civil theft and conversion to intentionally deprive me of personal property and by seizing, and holding my personal property during the stop and causing my personal property to be towed with the intent to deprive me the use of that property. was not provided the required information according to District of Columbia Owner's Bill of Rights for Towed Vehicles. (Amendment IV; Amendment V; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

i. Actions occurred while acting outside of judicial capacity and jurisdiction while performing unlawful entry and a non-consensual search of my vehicle with out probable cause. Dereliction of duty occurred in not issuing a warrant, and then beginning a non-consensual search of my vehicle with out having probable cause for the search. (Amendment IV; Amendment VIII; Amendment XIV; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

e. Claim 5. False imprisonment occurred by using perceived legal authority with out a valid legal reason in performing a traffic stop and prolonging the traffic stop. Coerced interrogation occurred in prolonging a traffic stop past the time necessary to issue a notice of infraction using undue influence. (Amendment IV; Amendment VIII; Amendment XIV; (575 U.S. 348 (2015), In Rodriguez v. United States, 575 U.S. 348, 350 (2015); Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

f. Claim 6. Cruel and unusual punishment occurred. (Amendment VIII; (575 U.S. 348 (2015), In Rodriguez v. United States, 575 U.S. 348, 350 (2015); Civil action for deprivation of rights 42 U.S.C. § 1983; Metropolitan Police Code of Conduct General Order GO-PER-201.26 Effective June 12, 2024)

g. Claim 7. Robbery Occurred. (Amendment IV; Amendment V; Amendment XIV; Civil action for deprivation of rights 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))

7. Predatory towing business practices occurred, which violate the District of Columbia's regulations for nonconsensual vehicle towing, District of Columbia Owner's Bill of Rights for Towed Vehicles, and DCMR 405 TOWING SERVICE STORAGE LOT REQUIREMENTS. Exhibit C contains a tow slip that has handwritten notes, because the location of the original tow slip could not be

verified. I saw that my vehicle was stored horizontally in front of other vehicles in a location that did not have painted lines. My vehicle weighs less than 8,000 pounds. The most allowed to be charged per the state equaled $100 per tow and $20 per day storage fee, totaling $240 dollars. Instead, the charge on the slip equals $100 for the tow and $88.57 per day storage fee.

8. Predatory business practices occurred. (Exhibit D) (Exhibit C) Multiple amounts were attempted to be negotiated, such as $145 for the tow and $45 dollars per day for storage. Then, again the amount was changed for the tow to $210 and $47.26 per day for storage. (Exhibit D) (Exhibit C) Predatory business practices in fees deprived me of my rights.

**Claims for statements 7 and 8**

a. Claim 8. Federal Subcontractors must follow state fees and laws. Actions occurred that deprived me of my rights. (Amendment VII; DC Municipal Regulations, Title 16; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
    i. The company, contractor, subcontractor, and/or employer can be held responsible for depravation of rights through respondeat superior vicarious liability.
    ii. Fees were used to violate my rights and deprived me of my property. (Amendment V; Amendment VIII; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
    iii. I was not provided with information according to the District of Columbia Owner's Bill of Rights for Towed Vehicles. (District of Columbia Owner's Bill of Rights for Towed Vehicles; Amendment IV; Amendment VIII; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
    iv. My vehicle was not stored in a location as required by DCMR 405 TOWING SERVICE STORAGE LOT REQUIREMENTS.
    v. Accurate records about the location of my vehicle were not maintained as required by DCMR 405 TOWING SERVICE STORAGE LOT REQUIREMENTS.

b. Claim 9. A pattern of business and fee racketeering occurred as federal contractors that was not according to the District of Columbia Owner's Bill of Rights for Towed Vehicles and violated 18 U.S.C. §§ 1961-68 the federal RICO Act laws. Conspiracy against my rights and undue influence were used in order to deprive me of my rights. (Amendment V; Amendment VII; Amendment XIV; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971))
    i. The company, contractor, subcontractor, and/or employer can be held responsible for depravation of rights through respondeat superior vicarious liability.
    ii. It is illegal for two or more people to conspire to injure, oppress, threaten, or intimidate someone in the free exercise of rights secured by the Constitution or federal law, notes the FBI. Individual Federal subcontractors violated the RICO Act by participating with an individual District of Columbia Metropolitan Police Officer in racketeering activity in predatory towing business fees and practices as a part of an on-going organization as individuals within corporate entities that violated my constitutional rights by seizing my personal property and using fees as ransom for

returning my personal property. (Amendment IV; Amendment V; Amendment VIII; Amendment XIV; 18 U.S.C. §§ 1961-68 the federal RICO Act laws; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971).)

**Cause of Action** The law provides cause of action for damages in 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971); Bias-Related Crime Act of 1989 (D.C. Official Code § 22-3700 et seq.); and District of Columbia Code Title 2, Chapter 14, Under § 2-1461.02. Compensatory and punitive damages for Constitutional violations by individuals acting under authority of a state are enabled by 42 U.S.C. § 1985(3). Compensatory and punitive damages for Constitutional violations by individuals acting under authority of a federal agency are enabled by The United States Capitol Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971).

**Request for Relief**

Relief 1. requests the court to assign an attorney to the plaintiff for this case.

Relief 2. requests that my vehicle be returned to me.

Relief 2. requests the court to order damages paid to the plaintiff's attorney fees, compensatory damages, and punitive damages. Compensatory damages request: to pay the cost of both vehicles, $29,325.37 for the towed vehicle and $13,042.49 for the new vehicle, equaling $42,367.86. Punitive Damages request: $500,000 for each of the nine claims and $250,000 for each of the nine claims, equaling $6,750,000, totaling $6,792,367.86 to the plaintiff.

Relief 3. requests that the court order mediation and arbitration.

**Demand for Jury Trial**

Request for court ordered mediation and jury trial

Signature:________________________________

returning my personal property. (Amendment IV; Amendment V; Amendment VIII; Amendment XIV; 18 U.S.C. §§ 1961-68 the federal RICO Act laws; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971).)

**Cause of Action** The law provides cause of action for damages in 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971); Bias-Related Crime Act of 1989 (D.C. Official Code § 22-3700 et seq.); and District of Columbia Code Title 2, Chapter 14, Under § 2-1461.02. Compensatory and punitive damages for Constitutional violations by individuals acting under authority of a state are enabled by 42 U.S.C. § 1985(3). Compensatory and punitive damages for Constitutional violations by individuals acting under authority of a federal agency are enabled by The United States Capitol Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), 403 U.S. 388 (1971).

**Request for Relief**

Relief 1. requests the court to assign an attorney to the plaintiff for this case.

Relief 2. requests that my vehicle be returned to me.

Relief 2. requests the court to order damages paid to the plaintiff's attorney fees, compensatory damages, and punitive damages. Compensatory damages request: to pay the cost of both vehicles, $29,325.37 for the towed vehicle and $13,042.49 for the new vehicle, equaling $42,367.86. Punitive Damages request: $500,000 for each of the nine claims and $250,000 for each of the nine claims, equaling $6,750,000, totaling $6,792,367.86 to the plaintiff.

Relief 3. requests that the court order mediation and arbitration.

**Demand for Jury Trial**

Request for court ordered mediation and jury trial

Signature: [signature] July 02, 2026